IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CARL E. BERG**, | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | Civil Action No. **3:06-CV-2243-L** |
| | § | |
| **DENNIS S. FAULKNER, Trustee, and** | § | |
| **GARY M. KORNMAN**, | § | |
| | § | |
| Appellees. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Appellant's appeal of the bankruptcy court's November 14, 2006 order denying Appellant Carl E. Berg's Motion to Compel Arbitration. After careful consideration of the briefs, the record on appeal, and the applicable law, the court **affirms** the bankruptcy court's decision.

**I.    Procedural and Factual Background**

This appeal arises from an adversary proceeding in the bankruptcy of Heritage Organization, LLC ("Heritage"). In June 2006, the bankruptcy trustee, Dennis S. Faulkner ("Trustee") filed a complaint against Carl E. Berg seeking payment on a promissory note for $3,009,362 (the "Note"). Berg responded by filing an answer, a counterclaim against the Trustee, and a third-party complaint against Gary M. Kornman, the Chief Executive of Heritage and President of Heritage's Manager. Berg asserts that he made a demand for arbitration and that the Trustee and Kornman, Appellees herein, did not respond. He filed a Motion to Compel Arbitration in September 2006. United States Bankruptcy Chief Judge Barbara J. Houser held a hearing on Berg's motion on October 24, 2006 and denied the motion by order of November 14, 2006.

**Memorandum Opinion and Order - Page 1**

Debtor Heritage provided fee-based tax avoidance strategies to organizations and individuals. Heritage and Berg (and others) entered into an agreement for the provision of tax strategies in December 2000 (the "Agreement"). R. 54-69. The contract provided for the payment of fees if Berg and others implemented the tax strategies created by Heritage. *Id*. at 54-55. The Agreement included an arbitration clause. *Id*. at 62-63. It also included a forum selection clause choosing Dallas County, Texas as the forum for any and all claims "except proceedings to enforce arbitration awards." *Id*. at 62.

On December 7, 2001, Carl E. Berg signed a promissory note to pay Heritage $3,009,362. Berg alleges that the Note represents his agreement to pay certain fees under the Agreement only if he was not audited by the Internal Revenue Service. "Kornman represented that Berg would pay for the initial services and that the balance due for the fee as represented by the promissory note . . . would not be due and payable if Berg were audited within three years of filing his tax return." *Id*. at 23, ¶ 66. The Note includes only an oblique reference to arbitration in paragraph 8. Paragraph 8 provides:

> If any part, section, clause, paragraph, sentence, term or provision of this Note is held to be illegal, void, invalid, or unenforceable by any court or *arbitration panel* of competent jurisdiction, it is the intention of the undersigned and the Holder that this Note shall be construed and enforced as if such illegal, void, invalid, or unenforceable part, section, clause, paragraph, sentence, term or provision had never comprised a part of this Note; and the remaining parts, sections, clauses, paragraphs, sentences, terms or provisions of the Note shall remain in full force and effect and shall not be affected by the illegal, void, invalid, or unenforceable part, section, clause, paragraph, sentence, term or provision or by its severance from this Note . . . .

*Id*. at 8, ¶ 8 (emphasis added). The Note does contain a forum selection clause, consenting to "personal jurisdiction of the state and federal courts in Dallas County, Texas," stating that "any and all claims relating to this Note, any and all lawsuits and other proceedings shall be brought in Dallas

County, Texas," and providing for transfer of any lawsuit or proceeding brought in another jurisdiction to Dallas County, Texas. *Id.* at 9, ¶ 13.

Berg argues that the bankruptcy court's order denying his motion to compel arbitration was incorrect and should be reversed. Specifically, he contends that the arbitration clause in the Agreement extends to claims brought pursuant to the Note, that the Note and the Agreement should be read together and harmonized, and that the bankruptcy judge's conclusion that the Note was not a valid agreement to arbitrate was incorrect. Appellees argue that the bankruptcy court's order was correct, the Note contains no valid arbitration clause, and it is a stand-alone document that is not related to the Agreement.

Berg has subsequently informed the court that he and the Trustee reached a settlement in the underlying adversary proceeding and provided the court with a copy of the bankruptcy court's August 31, 2007 Memorandum Opinion and Order approving the settlement between Berg and the Trustee. Accordingly, Berg's appeal with regard to the Trustee is moot, and the court need only consider the appeal in terms of the dispute over arbitration between Berg and Kornman. Berg seeks arbitration of third-party claims he brought against Kornman, including fraudulent misrepresentation, fraudulent inducement, fraud by nondisclosure, breach of fiduciary duty, negligent misrepresentation, and negligence.

## II. Standard of Review

In a bankruptcy appeal, district courts review bankruptcy court rulings and decisions under the same standards employed by federal courts of appeal: a bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law *de novo*. *See Robertson v. Dennis* (*In re Dennis*), 330 F.3d 696, 701 (5th Cir. 2003); *Century Indem. Co. v. Nat'l Gypsum Co. Settlement Trust (In re Nat'l Gypsum Co.)*, 208 F.3d 498, 504 (5th Cir.), *cert. denied*, 531 U.S. 871 (2000). In this case, as the bankruptcy court ruled, as a matter of law, that there was no valid arbitration agreement, the decision is reviewed *de novo*.

## III. Analysis

In denying the motion to compel arbitration, the bankruptcy judge held: "[T]here was no arbitration provision in the Note from which the Court could compel arbitration of the Trustee's claim against Berg on the Note and Berg's counterclaims against the Trustee relating to enforcement of the Note." R. 185. The bankruptcy court also noted: "In fact, the Note expressly contemplates a judicial resolution of disputes regarding the Note" and cited paragraph 13, the forum selection clause, in support. *Id*. at 186-87. The transcript reflects the bankruptcy judge's belief that the forum selection clause supports her conclusion that the Note required judicial resolution of claims arising from it. "The note has – not only does the note not have an arbitration provision in it – it affirmatively has a forum selection clause in it that at least to me clearly contemplates that we are going to have a judicial determination of a dispute over the note." *Id*. at 195 (8:18-21); *see also id*. at 197 (10:14-15), 198 (11:1-3). The bankruptcy court also questioned the parties on "the Texas case law that suggests that a subsequent agreement to the extent of inconsistency controls." *Id*. at 201 (14:12-13). The bankruptcy judge also suggested at the hearing that the Agreement and the

Note were separate and unrelated documents: "[Y]ou don't cite me any case law that suggest[s] the note[']s not a separate obligation. The note to me extinguished the obligation to pay under the agreement." *Id*. at 202 (15:15-16). The bankruptcy court, having found no valid agreement to arbitrate, did not reach the issue of whether Kornman, a nonsignatory, could be compelled to arbitrate Berg's third-party claims against him.

Berg argues that the conclusion that the motion to compel arbitration should be denied is incorrect because the Note was a written amendment to the Agreement and is governed by its arbitration clause. Berg also argues that Kornman should be held to the arbitration clause because Kornman will derive a direct and substantial benefit from the Note. Kornman argues that there is no arbitration agreement in the Note, that the provisions of the Note trump any arbitration clause in the Agreement, and that he cannot be individually compelled to arbitrate the claims.

Appellant concedes, "[i]t is undisputed that the Agreement contains a valid arbitration provision and the Note does not." Reply 2. The parties dispute whether the Note is related to the Agreement and whether the two documents must be read together. The bankruptcy judge noted during the hearing that the Note appeared to be a "separate obligation." R. at 202 (15:16).

In his brief, Berg makes several arguments in support of his contention that the arbitration clause in the Agreement extends to the Note. He contends that the Note and the Agreement are related documents because the Note was a written amendment to the Agreement, that the bankruptcy court's reliance on *Saturn Capital Corp. v. Dorsey*, 2006 WL 1767602 (Tex. App. – Houston [1st Dist] June 29, 2006, no pet.), is misplaced, that Texas law favors harmonizing agreements, that the

doctrine of "incorporation by reference" requires that the two documents be read together, and that the Note lacks consideration if considered separately from the Agreement.[*]

The court considers first whether the Note was a written amendment to the Agreement. The court determines that it is not. The Note fails to comply with the requirements for amendment of the Agreement, including that any amendment be executed in writing by all parties to the Agreement and delivered pursuant to the Agreement's terms. R. at 60, ¶ 11.4. The Note was signed nearly a year after the Agreement was executed, and it does not make any reference to the Agreement or to amending the Agreement. There is no evidence in the Record supporting Berg's contention that the Note amended the Agreement. Berg cites only to allegations to support his contention that the Note and the Agreement are related. He repeatedly references portions of the Record that include his allegations in support of his counterclaims and third-party claims and his original Motion to Compel Arbitration; however, no *evidence* of the relatedness of the two agreements was presented to the bankruptcy court on the original motion or to this court on appeal. Without more than allegations, the court will not make the quantum leap of logic that the Note and the Agreement are related.

Next, Berg argues that the bankruptcy judge erred in relying on *Saturn Capital*. The bankruptcy judge specifically referred to that decision during the hearing on the motion to compel. *Id*. at 234 (47:8-21). In that case, the court was confronted with three related agreements that had

---

[*]In his reply brief, Berg cites case law for the first time in support of the argument that under Texas law, two agreements, whether executed contemporaneously or at different times, must be read together even if they do not expressly refer to one another. Reply 3-4. Appellant did not specifically raise this argument until his reply, though it is arguably related to the contentions in his opening brief. In any event, Berg did not cite the applicable case law, which was in existence years before he filed his initial brief. Thus, he effectively waived this argument. Even if the court considers this argument, Berg has nonetheless failed to provide any evidence of the relatedness of the two agreements.

**Memorandum Opinion and Order - Page 6**

conflicting choice-of-forum and choice-of-law provisions. The court set out the legal standard for resolving the conflict:

> Only when terms of one contract are so inconsistent with those of the other that the two cannot subsist together is there a presumption that the second contract superseded the first. That is, when the second contract does not state whether or to what extent it supersedes the parties' first contract, and when some provision of the two contracts conflicts, the conflicting provision of the later contract prevails. The remainder of the earlier contract not in conflict with the later one may still be enforced. These rules also apply when, as here, one of the contracts is a promissory note.

*Saturn Capital*, 2006 WL 1767602, *4 (internal citations, quotations, and brackets omitted). Berg argues that the forum selection clause in the Note is not inconsistent with the arbitration clause in the Agreement. Kornman responds that the law is clear and that faced with inconsistent provisions in two agreements, the latter clause trumps. In reply, Berg cites *Personal Security & Safety Systems, Inc. v. Motorola Inc.*, 297 F.3d 388 (5th Cir. 2002), and argues that it is the most analogous case to this appeal.

The court need not reach this argument, because the court determines that the Note and the Agreement are not related. Resolving any inconsistency between two agreements only becomes an issue if the court must harmonize the Note and Agreement. Even if the court were to consider the *Personal Security* case, authority raised for the first time in Berg's reply on this appeal, the Fifth Circuit was considering clearly related agreements that were contemporaneously executed. *Id*. at 390. There is no temporal proximity or evidence in this case suggesting that the Note and the Agreement are related. The court need only look at the terms of the Note to determine if there is an agreement to arbitrate.

Third, Berg argues that Texas law favors harmonizing two or more agreements rather than concluding that one supersedes. He cites *Echols v. Professional Financial Associates, Inc.*, 607 S.W.2d 292, 295 (Tex. App. – Texarkana 1980, writ ref'd n.r.e.), in support. The court determines that *Echols* is inapposite because the court was only considering one contract in that case and stands for nothing more than the unremarkable conclusion that a court must harmonize conflicting provisions within one contract. *Id*. Nothing in *Echols* warrants the court harmonizing the Note and the Agreement, especially given that there is no evidence that they are related.

Next, Berg contends that the Note and the Agreement should be read together pursuant to the doctrine of "incorporation by reference." Again, the court finds that the authority cited by Berg, in this case, *Owen v. Hendricks*, 433 S.W.2d 164 (Tex. 1968), fails to support his argument. In *Owen*, the court considered the rule that "an unsigned paper may be incorporated by reference in the paper signed by the sought to be charged." *Id*. at 167. While that case also discusses a "flexible approach" in determining if "several writings, taken together, evidence with reasonable certitude the terms of the contract," the fact remains that here there is no evidence in the record of relation between the Note and the Agreement.

Finally, Berg argues in his brief that the Note and the Agreement must be related because if they are considered separately, there is no consideration for the Note. The court determines that the Note complies with section 3.104 of the Texas Business and Commerce Code and can be considered on its own terms. This is not reason to construe the two documents together.

The court therefore determines that the Note and the Agreement are not related, and that there is no requirement that the court even consider the terms of the Agreement when looking to

determine whether the Note includes a valid agreement to arbitrate. As Appellant concedes, it does not, and the court determines that the bankruptcy court was correct in refusing to compel arbitration.

### IV. Conclusion

For the reasons stated herein, the court **affirms** the bankruptcy court's order denying Berg's Motion to Compel Arbitration. To the extent that Berg and the Trustee have settled their claims in the underlying adversary proceeding, the appeal is **dismissed as moot** with regard to the Trustee. Appellant's appeal against Appellee Gary M. Kornman is hereby **dismissed**. Pursuant to Bankruptcy Rule 8016, the clerk of the court is directed to prepare, sign, and enter judgment upon receipt of and in accordance with this memorandum opinion and order. All reasonable and allowable costs are to be taxed against Appellant Carl E. Berg.

**It is so ordered** this 27th day of September, 2007.

Sam A. Lindsay
United States District Judge